OPINION AND ORDER DENYING PETITION FOR REHEARING
The petition for rehearing filed herein by the State is DENIED.
The State claims in its petition for rehearing that the majority opinion in this case “substantially abrogated Montana’s statutory felony murder rule.” That contention is far overstated, if not outlandish.
Half of the felony murder rule is a felony. To sustain a conviction under the felony murder rule, the underlying or accompanying felony being committed by the defendant must be proven. It is the duty of the State under section 45-5-102(b), MCA, to prove that the defendant was “engaged in . . .an attempt to commit” a felony. The majority opinion repeats verbatim from the trial record all possible acts of the defendant which could be construed to show that the defendant was “engaged in” an attempt to commit aggravated assault. Any fair reading of that record will show that the State failed to prove that Adam Weinberger was “engaged in” an attempt to commit a felony. It is not a fair reading of the majority opinion to conclude that there is now required a “completed” attempt or “completed” felony in order for the felony murder rule to apply.
The second major ground in the petition for rehearing is the State’s contention that the charged felony need not be the cause of the death. That contention arises from a mis *136 interpretation of the statutes applicable, and of our cases relating to the felony murder rule.
Criminal homicide is defined in section 45-5-101, MCA, as occurring when “a person . . . purposely, knowingly or negligently causes the death of another human being.” Criminal homicide occurs under the felony murder rule when it is committed while the offender is “engaged in ... an attempt to commit” a forcible felony. Section 45-5-102, MCA. The requirement of cause is carried forward from section 45-5-101 to 45-5-102, MCA, where deliberate homicide is defined.
The cases relied on by the State on this point have no bearing to the precise question presented here. In State v. Corliss (1967), 150 Mont. 40, 55, 430 P.2d 632, the trial court had instructed the jury that all participants in a robbery or attempted robbery wherein a homicide is committed are guilty of murder in the first degree, irrespective of which one of the parties fired the fatal shot. The issue of cause was not debated in State v. Corliss. The instruction given in Corliss is in accord with our present section 45-5-102, defining felony murder, where the homicide is committed while the offender “is an accomplice” in the commission of the underlying felony.
In State v. Morran (1957), 131 Mont. 17, 306 P.2d 679, the jury was instructed that if two or more persons conspire to commit a felony and a death happens in the prosecution of the common object, all are guilty of the homicide. Again the issue of cause is not debated in Morran, and the instruction in that case was in accord with the statute defining felony murder. Morran was a case where the defendant entered into a conspiracy or common design with other persons to commit the crime of arson, and while the crime of arson was being committed, one of the conspirators was killed. Our Court held that there the felony murder rule applied. Morran was an accomplice within the meaning of the statute.
In State v. Bolton (1922), 65 Mont. 74, 84, 212 P. 504, *137 where the death of a deputy occurred in connection with an attempt to commit robbert upon the deputy, this Court said that “if the defendant was particeps criminis in the attempt to commit the robbery” he was guilty of murder equally with the person who committed it.
In the foregoing and other cases relied on by the State, the defendant was an accomplice in an underlying felony or attempt to commit an underlying felony during the commission of which the death of the victim resulted. The jury in Adam Weinberger’s case found him not guilty of being an accomplice with his father, Arrow Weinberger. In accomplice cases under the felony murder rule, cause is ascribed to the defendant because, indirectly, his underlying felony brought about the death of the victim. The proof in the case of Adam Weinberger completely fails in this respect.
The majority in this case are accused by the State of “shotgun recitation of inapplicable authority and misinterpretation of authority that is applicable.” For an example, it attacks our citation of 2 Wharton’s Criminal Law (14th ed.) 221, § 149, as not supporting our opinion. The whole of that paragraph follows:
“Killing by person other than felon. Although a given felon is not the actual killer, he is nevertheless responsible for the homicide — and hence, murder — if his cofelon was the actual killer. However, a felon is not responsible for a homicide caused by some other person. It is not the purpose of the felony-murder rule to foist authorship of a homicide upon a felon; the purpose is merely to clothe the felon’s act of killing with malice.” 2 Wharton’s Criminal Law (14th ed.) 221, § 149. (Emphasis added.)
We resubmit that citation of authority as fully in accord with the holding of the majority in this case.
The final contention of the State is that the majority inserted its judgment for that of the jury in determining that the evidence was insufficient to sustain the conviction. Whether the evidence is sufficient to sustain a criminal conviction is a question of law, an issue that was raised by the *138 defendant in this case. Our duty as a court is to examine the evidence to determine the legal sufficiency of that evidence. The majority opinion demonstrates the lack of sufficiency for all the world to see, so that he who runs may read. We would be abandoning our duty of appellate review if, because a jury had decided otherwise, we overlooked a record where the evidence to sustain the conviction was insufficient as a matter of law.
Let remittitur issue forthwith.
MR. JUSTICES SHEEHY, SHEA and HARRISON concur.
MR. CHIEF JUSTICE HASWELL and JUSTICES WEBER and GULBRANDSON would grant a rehearing.